## The State *vs.* David Snow & *als.*

In criminal cases, the jury are the judges of the law as well as the fact.

If persons innocently and lawfully assembled, afterwards confederate to do an unlawful act of violence, suddenly proposed and assented to, and thereupon do an act of violence in pursuance of such purpose, although their whole purpose should not be consummated, *it is a riot.*

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

This was an indictment against *Snow* and three others, for a riot. The respondents with many others, were collected together at a militia training. The facts in the case are found in the opinion of the Court. The counsel for the accused contended, that in criminal cases the jury were the judges of the law as well as of the facts.

The State *v.* Snow.

The Judge ruled, that the law was otherwise, excepting in cases of libel, and instructed the jury, that they were to receive the law from the Court in this case as in civil cases.

The counsel for the defendants requested the Judge to instruct the jury, that if they were satisfied, that it was the object of the defendants to ride the complainants upon a rail, and that they did not execute that object, they were not guilty of a riot. The Judge declined to give such instruction.

*Vose,* for the defendants, said that there was no evidence of any previous confederacy to commit a riot, and had only taken some steps towards an act, which might have caused one, if carried into effect. It is not a riot, unless the object is accomplished. 1 *Hawk. P. C.* 293.

The jury in criminal cases, are judges of the law as well as of the fact. *St.* 1821, *c.* 84, § 12; *The People* v. *Croswell,* 3 *Johns. Cas.* 337; 4 *Black. Com.* 361; *Commonwealth* v. *Knapp,* 10 *Pick.* 497.

*Emery,* Attorney General, remarked, that the case showed, that the four persons actually proceeded to the commission of personal violence. To constitute a riot, it is not necessary that all should be accomplished, which was intended. *Russell on Cr.* 247, *and note; Roscoe on Cr. Ev.* 728.

Our constitution expressly provides, that the jury shall judge of the law as well as the facts in cases of libel, thus implying, that in all other cases the Court and jury should both attend to their own peculiar duties. If the jury are to judge of the law, their construction of it cannot be known, and hence no uniformity in the law, and no mode of revising it in the highest court; and no remedy however flagrantly the decision may defeat public justice, or oppress an individual.

The opinion of the Court was drawn up by

WESTON C. J. — The counsel for the defendants waives the exception taken to the mode of proof at the trial.

*Blackstone* defines a riot to be, where three or more actually do an unlawful act of violence. 4 *Bl. Com.* 146. It seems however, that there must be some degree of premeditation, for the execution of a common purpose. But if persons innocently and law-

fully assembled, afterwards confederate to do an unlawful act of violence, suddenly proposed and assented to, and thereupon do an act of violence, in pursuance of such purpose, this is a riot. 2 *Russell*, 250. If they proceed to this length, it is not necessary, that their whole purpose should be consummated. In this case, the defendants having united to ride the complainant on a rail, seized his person, and were proceeding to the accomplishment of their object, when he was rescued from their hands, by the interference of others. The Judge was right in declining to instruct the jury, that having failed to effect their entire purpose, they were not guilty of a riot.

But the presiding Judge erred, in determining that in criminal cases, the jury are not the judges of the law as well as the fact. Both are involved in the issue, they are called upon to try ; and the better opinion very clearly is, that the law and the fact are equally submitted to their determination. It is doubtless their duty to decide according to law; and as discreet men, they must be aware, that the best advice they can get upon this point, is from the Court. But if they believe they can be justified in deciding differently, they have a right to take upon themselves that responsibility. The question is very elaborately discussed and exhausted by *Kent J.* in the *People* v. *Croswell,* 3 *Johns. Cas.* 337. The opinion of the Court was given to the same effect, in the *Commonwealth* v. *Knapp,* 10 *Pick.* 497.

*Exceptions sustained.*